about about Mr. Harris. So let's let's return back to the affidavit. Okay, so first of all, the affidavit in itself is only relevant to the extent of reports to show witness what these other witnesses would say what their evidence would be. And that evidence we've shown is, is not new, nor is it. And to some extent, it's cumulative. Remember, to the extent that Mr. Smith's affidavit says, Well, I was, of course, making this statement. And they said I was potentially going to be a suspect or charge. We already know from the trial transcript that he was cross examined about this very issue at trial. So the jury already heard about what the situation was in terms of Mr. Smith testifying and then being allowed to leave after he testified before the grand jury. So nothing new there is, as the circuit court observed. In terms of conclusive character, okay, there is nothing in Johnson or Mr. Smith's affidavit, strike that, Mr. Johnson's affidavit attributed to Smith, that undercuts the evidence in this case or suggest that petitioner is in any way innocent. All he says, right, is, according to Johnson, we don't really know whether Smith used the word coerced. But what we do know from the record is that Smith himself has never claimed to be coerced. We also know from the record that we don't have affidavits from Smith and Kersey. The counsel suggests in their brief perhaps we should be allowed to do that at the second stage. You got to get there first. And in order to get there, you actually have to meet the standard. And they haven't met the standard here through Mr. Johnson's affidavit because it does not present newly discovered conclusive evidence. Again, in terms of conclusiveness, what we need to remember about Mr. Smith is indeed the fact that he was first, he first spoke with Detective Segelski, and he first identified defendant as a shooter to Detective Segelski, who, by the way, is not someone who is involved in these pattern and practice allegations. So there's absolutely nothing to suggest that those identifications to Segelski were in any way improperly brought about. The affidavit also only pertains to the handwritten statement. It says nothing about pre-statement discussions, nor does it say anything about his grand jury or trial testimony. So again, no suggestion even that either, that anything that Mr. Smith said was in any way coerced. Mr. Smith's affidavit or the statement attributable to Mr. Smith is also insufficient because it is simply a generalized, at best, a generalized allegation that some sort of pressure was brought to bear on him. That's it. We have no factual description. We don't know who was involved purportedly. We don't know what act or acts of coercion were purportedly undertaken. Were they physical, mental, something else? We know nothing about what the affidavit means by the word coercion. We have no idea when it occurred except generally, and we have no idea as to who purportedly engaged in it. So the affidavit is just nothing. It offers nothing of substance that can be used to make a finding sufficient to pass this case on and allow filing of a petition. And the same goes for Kersey's statements or the statements attributed to Kersey. I shouldn't say they're his because we don't know that, but that's what's being from that. All we know is he said, well, I confused Kersey with Gladys. Looking at Robert Gladys' statement or the statement attributed to Robert Gladys, he says, well, Johnson says Gladys told me that Kersey was one of the shooters. Well, what Gladys did not purportedly tell Johnson is that Petitioner was not a shooter. There's no, he did not exclude him as the circuit court found. So we know there were two shooters. No one's disputing that. So Gladys doesn't get you where you need to go. So besides not being newly discovered evidence, it is insufficient even had it been. It is insufficient from a conclusive character standpoint. Let's turn now and look at the pattern and practice evidence. The pattern and practice evidence deals with three of the detectives whose names pop up in this investigation. One of those three, Mr. Boudreaux, the record shows- You can skip the discussion on the caps. Okay. All right. So the question then, even if these officers, well, Boudreaux is irrelevant because he was not involved in this case in any meaningful way. There's no indication that Halloran or O'Brien did anything untoward. There is not a single claim or allegation in case that they did anything wrong in this case. So it's kind of like in a tort situation, just because asbestos can cause lung cancer. If you don't prove that you were actually exposed to asbestos, you can't prove that your lung cancer is the consequence of having been exposed. In other words, mere generalized allegations of misconduct by police do not, as petitioner suggests and petitioner argues, provide a sufficient background to allow one to proceed with an actual innocence claim. Even at the pleading stage, even at the motion for leave to file stage, because there are no allegations that connect, draw a nexus between the alleged misconduct in other cases and what occurred in this case. All right. All you're doing is telling me what the orange case said. So move on. Well, it's important that we remember what the orange case says because counsel's trying to disregard it. So I'll just wrap it up then because rather than repeat myself, when it comes to the pattern of practice of it, it alone is all that petitioner can point to and it doesn't get them over the hump for the leave to file stage. The evidence that they say is new is not. And I think we've demonstrated that pretty thoroughly because we know that Smith and Gladys were both known to petitioner and their counsel pre-trial. So because the circuit court correctly determined that petitioner did not allege facts sufficient to warrant proceeding with a successive petition, we ask that the circuit court judgment be affirmed. Now, if there are any questions, I'd be happy to entertain. Questions? If the evidence establishes that there were two shooters, only two shooters, and we have the affidavit stating that there is this Curcy was the other shooter. Isn't that, if we take that affidavit as true, isn't that sufficient to go forward or why not? But because the affidavit, it doesn't rule out the petitioner as the second shooter. It doesn't say Mason and Curcy are the shooters. It says Curcy was one of the shooters. So you're saying Curcy passed the gun to the defendant then after he shot? I'm not saying that Curcy did anything. I'm saying if we look at the statement being attributed to Gladys by Johnson, all that he says, Gladys says, I saw Curcy. He's identifying Curcy as one of the two shooters. He's not identifying the second shooter. He didn't say Mason was the second shooter. He didn't say whether it was Mason or... Did he say where the position of the second shooter where Curcy was put was where they're saying that the defendant here was standing? Again, it doesn't rule out petitioner. It simply doesn't do that. It does conflict potentially with some of the trial evidence, but it doesn't absolutely rule out petitioner as the second shooter. Do we have to absolutely rule it out now? After the Supreme Court has recently spoke, do we have to absolutely rule out? There's two shooters, one shooter's next to the car, the other's by the phone booth or wherever. And this witness says the guy was by the phone booth shooting and it wasn't the defendant. Well, I don't think that's quite what the statement attributed to Gladys is, but be that as it may, there has to be more than someone other than defendant was also a shooter or some... It's not someone other, it's someone in addition to defendant was a shooter. Again, I think the case law is clear that you don't need conclusive evidence, it's probability, we know that. But if you're going to have a witness come in and say, I'm going to identify a shooter and there are two shooters, if that doesn't go to petitioner's innocence, if it doesn't show that petitioner was not a shooter, then it is of little value, it is of no value in the context of an actual innocence claim. But again, before we even get to the substance of that, petitioner simply can't get over the hump of the new evidence requirement. Gladys' evidence is simply not new. Well, I have a question about that. So, is your issue here, is your issue with the affidavits and the new affidavit and the new evidence, the fact that we don't have an affidavit from Smith, but instead an affidavit from Darrell that asserts what Smith said? Well, that's one of the issues because the petition needs to back up its allegations and without an affidavit from the witness who purportedly made the statement, it's not doing that. The Johnson affidavit doesn't actually, isn't evidence that Smith was coerced or anything else. But my real issue is- Assuming that Darrell's affidavit is fine as is, the evidence of coercion would not have been available at trial, would it have? And so wouldn't it be new? No, it's not new. It's absolutely not new. Who knew about coercion at the time of trial? Smith, if he was coerced, he knew he was coerced at the time of trial. That's the evidence here, is Smith's claim, right? That is the evidence. It's not anything- Johnson has no personal knowledge to offer at trial on coercion or anything else. What he has- And so it's your position that he would have then on the stand have testified that I was coerced into pointing a finger at Brandon Johnson. That's your position. He would have testified that I was coerced. I'm saying he was on the stand and they could have discovered, they could have questioned him about it. The point is that petitioner has to show that Smith's claim or the claim attributed to Smith that he was coerced is new evidence. Any further- Was- I can't hear you. It's not- He froze. The key is that- I'm sorry, am I still frozen? No, you're fine now. Okay. So just to clarify, the key here is that we're not looking at Johnson's affidavit as the new evidence. We're looking at what Johnson's affidavit identifies as the new evidence. And that is the statements attributed to Smith and Gladys. And Flournay tells us that. We don't look- It's not when the affidavit came into being, it's whether or not the Smith statement, if in fact there's any veracity to it, whether that could have been discovered prior to trial. Either, you know, whether it existed and if it did, whether it could have been discovered through due diligence. And the same thing with Gladys. And the record here shows these witnesses were both- were both disclosed in pretrial discovery as potential witnesses. There's no allegation that anybody from defendant's side that did- or petitioner's side interviewed them, attempted to interview them, that they abated being found, that they left town, that they made themselves unavailable. And in fact, we know Smith did testify at trial. So they never get past go here. The first element is new evidence, and they've not shown- they've not brought to the court new evidence because Johnson's affidavit isn't the key, it's what evidence it purports to present. And that evidence is not new. I hope that answers the court's question. Any further questions? No, I have no further questions. Okay, Deborah, you can do your conclusion. Thank you. I just had a couple of points I wanted to make. The first is I did want to return to Justice Cobb's question with the quote from Robinson about the evidence conflicting with the trial evidence. I just- in paragraph 57, the Robinson court says, this court has never held that a request for leave to file a successive petition must be denied if the new evidence conflicts with the trial evidence. And it goes on to explain that that's always the case because that's what a post-conviction petition does. So I just- since we had talked about it, I wanted to return to that. But addressing counsel's argument, the mistake- the fundamental mistake he's making is siloing the evidence and not viewing them together. If you look at the affidavit that Smith's testimony was coerced, if you looked at Kersey's recantation at the trial, and you couple that with the evidence of the detective's misconduct, that's where it would be a profoundly different trial. This case is much better than the Martinez case even, which survived a second stage dismissal. This court reversed the second stage dismissal there. In that case, none of the witnesses recanted, but the evidence against Guevara was so bad that it the identifications into question. And this court said that that would be enough. Similarly, just a couple more cases where this issue has come up. In Almodovar, the court said it's plausible- the court found it plausible a finder of fact could view the evidence of the detective's pattern of misconduct as leveling the playing field between the detective and the recanting witness in terms of credibility. And a similar finding was met in Serrano. And again, these are further along. These are second stage places. But what it levels the playing field where you have a witness like Smith, we accept the affidavit, his testimony was coerced, his identifications were coerced. You have a witness like Kersey, who testified and recanted at trial. And you have a witness like Harris, who gives a very implausible identification and says, you know, that the detectives took him over at 1000 times before he was able to get to the identification. When you look at that with the evidence, the new evidence, unquestionably new evidence of how bad these detectives were, and how often they were trying to manipulate and coerce witnesses, viewing that evidence together, you unquestionably get there. The last thing I'd like to say is, again, I feel like either way, the state is giving short shrift to the independent due process violation. That one meets the cause and prejudice test. The court's questions seem to suggest that the court understands the argument I'm making, even if the state keeps wanting to characterize it only through the Brady lens, there is an independent lens, an independent due process violation. And that too, meets the cause and prejudice test. If the court has any other questions, I'm happy to hear them. Any questions? No, I don't have any. Okay, then I would. Oh, sorry, I was just going to say in conclusion, I'd urge you to grant us leave to file, but thank you. You both have made decent presentations that take us through all the questionable or conflicting or deep seated questions that you got to almost draw a map on this one. So thank you both very much. And we'll let you know as soon as we know ourselves. Thank you. Appreciate that. Thank you.